UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE CO.,
ALLSTATE FIRE AND CASUALTY
INSURANCE CO., ALLSTATE
PROPERTY AND CASUALTY INSURANCE
CO., ESURANCE INSURANCE CO., and
ESURANCE PROPERTY AND CASUALTY
INSURANCE CO.,

      Plaintiffs/Counter-Defendants,

v.

Civil Case No. 20-12939
Honorable Linda V. Parker

411 HELP, LLC, 4 UR RECOVERY
THERAPY LLC, A1 OCCUPATIONAL
THERAPY LLC, GRAVITY IMAGING, LLC,
4 TRANSPORT INC., NEW HORIZON
CHIROPRACTIC PLLC, SPINE & HEALTH PLLC,
FIRST MEDICAL GROUP, PLLC, UNIQUE
LAB SOLUTIONS LLC, 4 HEALTH MANAGEMENT LLC,
VELOCITY MRS – FUND IV, LLC,
VELOCITY MRS – FUND V, LLC, HMRF – FUND III, LLC,
NATIONAL HEALTH FINANCE DM, LLC,
HASSAN FAYAD, MIRNA FAYAD,
WILLIAM GONTE, M.D., GEOFFREY KEMOLI SAGALA, D.C.,
and ERNESTO CARULLA, P.T.

      Defendants/Counter-Plaintiffs.
_____/

## OPINION AND ORDER

This matter is presently before the Court on Plaintiffs/Counter-Defendants'

objections (ECF No. 161) to Magistrate Judge Jonathan J.C. Grey's April 29, 2022

Report and Recommendation ("R&R") (ECF No. 160) addressing

Defendants/Counter-Plaintiffs' motion for leave to file an amended counter-

complaint (ECF No. 150).  Finding merit to some of the objections, the Court is adopting in part and rejecting in part the magistrate judge's recommendations and denying in part and granting in part Defendants/Counter-Plaintiffs' motion.

## Background

This dispute arises from insurance benefits Plaintiffs/Counter-Defendants (hereafter "Allstate") paid to Defendants/Counter-Plaintiffs (hereafter "Medical Providers") pursuant to Michigan's No-Fault Act.  Allstate alleges that the Medical Providers engaged in a scheme to defraud Plaintiffs by submitting and causing to be submitted false and fraudulent medical records, bills, and invoices through interstate wires and the U.S. mail in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d), and state law.  The Medical Providers previously filed a Counter-Complaint against Allstate alleging that Allstate breached insurance contracts by failing to pay no-fault benefits due to the Medical Providers' patients and Allstate's insureds.  The Counter-Complaint also seeks a declaration that the unpaid benefits are owed.

On February 1, 2022, the Medical Providers moved for leave to file an amended counter-complaint, adding claims under RICO, 42 U.S.C. § 1981, and the Michigan Unfair Trade Practices Act ("MUPTA").  In support of their RICO claim, the Medical Providers allege that Allstate implemented a fraudulent scheme to "delay, deny[,] and diminish" payments for claims the Medical Providers

2

submitted. Specifically as to the claimed racketeering activity, the Medical Providers allege that Allstate engaged in mail fraud by issuing "fraudulent" investigation letters, explanation of benefits ("EOBs"), and other correspondences.

In the April 29 R&R, the magistrate judge recommends that the Court grant in part and deny in part the Medical Providers' motion. Specifically, the magistrate judge concludes that the Medical Providers should be allowed to add their RICO and MUPTA claims but not their § 1981 claims.[1] At the conclusion of the R&R, the magistrate judge informs the parties that they must file any objections to the R&R within fourteen days. Allstate filed timely objections on May 13.

**Standard of Review**

As the magistrate judge issued an R&R, the Court concludes that the applicable standard of review, where objections are filed, is the de novo determination set forth in 28 U.S.C. § 636(b)(1)(C). In other words, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id*. A party's failure to file objections to certain conclusions of the report and recommendation

---

[1] Although the Medical Providers did not identify which specific section of RICO they believe Allstate violated, the magistrate judge concluded they were basing the claim on 18 U.S.C. § 1962(c) and (d). (ECF No. 160 at Pg ID 6539.)

waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## Analysis

### Medical Providers' Proposed RICO Claim

Allstate raises four objections to the magistrate judge's analysis of the Medical Providers' proposed RICO claim. (*See* ECF No. 161 at Pg ID 6564.) The Court finds it necessary to address only two of those objections.

First, Allstate maintains that the proposed RICO claim fails to state a claim because it sounds in contract and not fraud. While Allstate raised this argument in response to the Medical Providers' motion to file an amended counter-complaint, the magistrate judge did not specifically address it in the R&R. The Medical Providers assert that this argument was expressly rejected by this Court when denying their motion to dismiss Allstate's RICO claim, where the Court held that Allstate's RICO claim did not sound in contract. (ECF No. 162 at Pg ID 6620.) As the Court reasoned in that decision:

> Plaintiffs do not allege the existence of contracts or
> contractual duties between themselves and Defendants in
> the Complaint. The insurance agreements are between

4

> Plaintiffs and their insureds. Nor is any contract "central" to the claims Plaintiffs assert in their Complaint. . . . Plaintiffs are not asserting that they "mistakenly made payments" under the terms of any contract . . .; instead, they allege that Defendants submitted fraudulent bills. The duty at the heart of Plaintiff's RICO and tort claims is the duty not to defraud, which arises independently of any contract.

(ECF No. 129 at Pg ID 3511.) This reasoning does not apply to the Medical Providers' RICO claim, however, due to distinctions between that claim and Allstate's RICO and fraud claims, as well as the duties at issue.

Unlike Allstate's RICO claim, the Medical Providers' claim does not arise from the breach of a "separate and independent duty not to deceive . . ., which duty is imposed by law as a function of the relationship of the parties." *Cooper v. Auto Club Ins. Ass'n*, 751 N.W.2d 443, 448 (Mich. 2008). While "[t]he relationship between insurers and their insureds is sufficient to permit fraud to be predicated upon a misrepresentation[,]" *id.* at 448 n.3 (quotation marks and citation omitted), there is no authority to find such a relationship between insurers and third-party entities that provide services to their insureds. The essence of the Medical Providers' RICO claim is Allstate's "mere omission to perform a contractual or statutory obligation," *id.*—that being, Allstate's failure to pay all the no-fault benefits to which the Medical Providers claim they are due. Judges in this District have concluded that such claims brought by medical providers against insurers—as

5

opposed to insurers against medical providers—"do not allege a breach of duty that is separate and distinct from [the insurer]'s contractual obligations." *State Farm Mut. Auto. Ins. Co. v. Radden*, No. 14-13299, 2016 WL 695598, at *2 (E.D. Mich. Feb. 2, 2016); *see also State Farm Mut. Auto. Ins. Co. v. Universal Rehab Servs., Inc.*, No. 15-10993, 2017 WL 6559807, at *2 (E.D. Mich. Dec. 21, 2017) (quoting *Cooper*, 751 N.W.2d at 448) (finding that health care providers' RICO claim "would fail because 'a fraud claim does not arise from an insurer's mere omission to perform a contractual or **statutory** obligation, such as its failure to pay all the no-fault benefits to which its insureds are entitled.'") (brackets omitted, emphasis added in *Universal Rehab*).

But even if the Medical Providers' RICO claim did not fail on that basis, it fails because they do not plead an injury to business or property directly caused by the alleged predicate acts. *See Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457 (2006) (quoting *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258 (1992)) (explaining that a RICO claim requires proof "that the defendant's violation not only was a 'but for' cause of [the plaintiff's] injury, but was the proximate cause as well"); *see also Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9-10 (2010) (internal quotation marks and citations omitted) (indicating that, to succeed, a plaintiff alleging a RICO claim must show that "[t]he alleged violation . . . led directly to the plaintiff's injuries" . . . there must be "a direct causal connection

6

between the predicate offense and the alleged harm"). While the magistrate judge is correct that "Allstate's denials or delays of payment" injured the Medical Providers' business or property (*see* ECF No. 160 at Pg ID 6547 (citing ECF No. 158 at Pg ID 5401-02)), the Medical Providers fail to allege facts showing that their injury was directly caused by the claimed predicate acts of mail fraud.

To support their claim of mail fraud, the Medical Providers allege that Allstate made misrepresentations and omissions in its mailed investigation letters, EOBs, and other correspondences. (*See, e.g.*, ECF No. 158 at Pg ID 5404-05, ¶¶ 114, 117-120.) Specifically, the Medical Providers identify: (a) investigation letters "containing false and misleading information and statements as to the propriety of the charges sought to be paid" and stating that "claims are actually 'under investigation' for medical necessity," when in fact they were not; (*see, e.g., id.* at Pg ID 5405, 5407-08, ¶¶ 118, 128); (b) EOBs containing "false and misleading information and statements as to the propriety of the charges sought to be paid" and misrepresenting or omitting information concerning the actual manner in which claims were processed (*see, e.g., id.* at Pg ID 5405-06, ¶¶ 120, 124); and (c) letters informing the Medical Providers that payments were "denied 'based upon the results of [Allstate's] investigation'—even though [Allstate] had not properly investigated the claim as required by the [No-Fault] Act" (*see, e.g., id.* at Pg ID 5409, ¶ 133). According to the Medical Providers, these fraudulent

7

statements "conceal the fact that [Allstate] has a predetermined protocol or a predetermined claims protocol that systematically delays, denies, and diminishes claims submitted by certain medical providers . . .." (*Id*. at Pg ID 5424, ¶ 192.)

These allegedly fraudulent communications did not proximately cause the asserted injury to the Medical Providers' business or property, however. Instead, any injury was caused by Allstate's decisions to deny or reduce their claims for reimbursement. Allstate's communications through the U.S. mail merely informed the Medical Providers that their reimbursement requests were being investigated and then, subsequently, that the requests had been denied in full or in part. The Medical Providers fail to allege how they were injured in their business or property by the allegedly false statement that their requests were being investigated. And, as the Medical Providers allege, the "EOB letters routinely come *after* [the Medical Providers]' payment requests have been improperly denied and/or delayed . . .." (*Id.* at Pg ID 5406, ¶ 121.)

The Medical Providers allege that Allstate's allegedly false statements "lull[ed] [them] into inaction[.]" (*Id.* at Pg ID 5433, ¶ 229.) However, as Allstate argued in response to the Medical Providers' motion to file the amended counter-complaint, the proposed amended counter-complaint is void of any example of being 'lulled into inaction' by any letter or EOB. Further, the amended counter-

8

complaint does not provide a general allegation of how such action could lead to any injury.

For these reasons, the Court concludes that the Medical Providers' RICO claim is futile. The Court therefore rejects the magistrate judge's recommendation to allow the Medical Providers to amend their Counter-Complaint to add this claim.

## Medical Providers' Proposed MUTPA Claim

The magistrate judge concluded that MUTPA does not provide for "a private cause of action for breach of an insurance contract, even when the breach is in bad faith." (ECF No. 160 at Pg ID 6553 (citing *Jennings v. Nationwide Mut. Fire Ins. Co.*, No. 11-14439, 2011 WL 5525951, at *2 (E.D. Mich. Nov. 14, 2011)).) Neither party has objected to that conclusion. However, Allstate objects to the magistrate judge's subsequent conclusion that the Medical Providers plead a viable claim for penalty interest under the statute. (*Id.* (citing *State Farm Mut. Auto. Ins. Co. v. Universal Rehab Servs., Inc.*, No. 15-10993, 2016 WL 3182000, at *2 (E.D. Mich. June 8, 2016).) Allstate argues that "the right to receive interest on an improperly denied insurance claim is not an independent cause of action . . . but a component of damages that are recoverable by a party when it is proven that a claim for payment under the No-Fault Act has been improperly denied." (ECF No. 161 at Pg ID 6592.)

The Sixth Circuit has held, however, that an insured may bring an independent cause of action against an insurer for statutory penalty interest arising from an insurer's failure to timely pay benefits under a policy pursuant to MUTPA, Mich. Comp. Laws § 500.2006(4). *Palmer Park Square, LLC v. Scottsdale Ins. Co.*, 878 F.3d 530, 539 (2017). ("[T]he clear weight of Michigan authority allows an insured to collect penalty interest under § 500.2006(4)[.]"); *see also Barker v. Underwriters at Lloyd's, London*, 564 F. Supp. 352, 355 (E.D. Mich. 1983). Thus, the Court is adopting the magistrate judge's recommendation to allow the Medical Providers to plead a counterclaim for penalty interest under MUTPA. Nevertheless, as the magistrate judge indicated, this is not an independent claim. The Medical Providers must prevail on their breach of contract claim before any right to penalty interest arises.

## VI. Conclusion

For the reasons set forth above, the Court is adopting in part and rejecting in part the magistrate judge's recommendations. The Medical Providers' motion to file an amended counter-complaint (ECF No. 150) is **GRANTED IN PART AND DENIED IN PART** in that they may amend their Counter-Complaint to add, only,

a request for penalty interest under MUTPA.  The Amended Counter-Complaint filed on April 13, 2022 (ECF No. 158) is therefore **STRICKEN**.

    **IT IS SO ORDERED**.

                                          s/ Linda V. Parker
                                          LINDA V. PARKER
                                          U.S. DISTRICT JUDGE

Dated: September 29, 2022